Opinion filed April 17, 2008











 
 
  
 
 







 
 
  
 
 




 

Opinion filed April 17,
2008

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00196-CR

                                                    __________

 

                                 JERRY LEE CULBERSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 39th District Court

                                                         Haskell
County, Texas

                                                     Trial
Court Cause No. 6100

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted Jerry Lee Culberson of the second degree felony offense of
possession of cocaine in an amount of four grams or more but less than 200
grams.  The trial court assessed punishment at seventeen years confinement.  We
affirm.

                                                               Background
Facts








During
a search of a residence in O=Brien,
law enforcement officers found and seized a coffee can containing various
substances.  The substances were submitted to the Tarrant County Medical
Examiner=s Office for
testing.  Testing of the substances demonstrated that two contained cocaine. 
In this cause, appellant was indicted for the offense of possession with intent
to deliver cocaine.  The trial court instructed the jury on the charged offense
and on two lesser included offenses: (1) possession of cocaine in an amount
of four grams or more but less than 200 grams and (2) possession of
cocaine in an amount of more than one gram but less than four grams.  The jury
convicted appellant of the lesser included offense of possession of cocaine of
four grams or more but less than 200 grams.

Issues
on Appeal

Appellant
presents four issues for review.  In his first issue, appellant contends that
the trial court erred in admitting the certificate of analysis relating to the
testing of the substances and chain of custody affidavits because the State
failed to comply with the notice requirements in Articles 38.41 and 38.42 of
the Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. arts.  38.41-.42 (Vernon 2005).  In his
second issue, appellant contends that Articles 38.41 and 38.42 are
unconstitutional, both facially and as applied to him, because the statutory
procedures set forth in Articles 38.41 and 38.42 violate the Confrontation Clause
of the Sixth Amendment to the United States Constitution.  In his third issue,
appellant challenges the legal and factual sufficiency of the evidence to
support his conviction.  In his fourth issue, appellant asserts that the trial
court erred in instructing the jury on the law of parties.

                          Notice
of Certificate of Analysis and Chain of Custody Affidavits








The
State filed a certificate of analysis pursuant to Article 38.41 and chain of
custody affidavits pursuant to Article 38.42.  See Articles 38.41-.42. 
The certificate of analysis showed that the Tarrant County Medical Examiner=s Office received the
following evidence: (1) a heat-sealed plastic bag containing a blue ziplock bag
holding a white rock-like substance; (2) a heat-sealed plastic bag containing a
clear plastic ziplock bag holding a beige rock-like substance; (3) a
heat-sealed plastic bag containing a blue ziplock bag holding a white
crystal-like substance; and (4) a heat-sealed plastic bag containing a plastic
bag containing a plant-like material.  The Tarrant County Medical Examiner=s Office tested the
substances.  The certificate of analysis showed the following test results: (1)
that the white rock-like substance weighed 2.04 grams and contained cocaine;
(2) that the beige rock-like substance weighed 12.90 grams and contained
cocaine; (3) that the white crystal-like substance weighed 0.81 grams and
contained methamphetamine; and (4) that the plant-like material weighed 24.20
grams (0.85 ounces) and was marihuana.  Appellant did not file written
objections to the certificate of analysis or the chain of custody affidavits.

Articles
38.41 and 38.42 govern the admissibility of certificates of analysis and chain
of custody affidavits.  If a certificate of analysis complies with the
requirements of Article 38.41, the certificate Ais
admissible in evidence on behalf of the state or the defendant to establish the
results of a laboratory analysis of physical evidence conducted by or for a law
enforcement agency without the necessity of the analyst personally appearing in
court.@  Article
38.41, section 1.  Similarly, if a chain of custody affidavit complies with the
requirements of Article 38.42, the affidavit Ais
admissible in evidence on behalf of the state or the defendant to establish the
chain of custody of physical evidence without the necessity of any person in
the chain of custody personally appearing in court.@  Article 38.42, section 1.    

Section
4 of Article 38.41 sets forth notice requirements relating to the use of
certificates of analysis at trial:

Not
later than the 20th day before the trial begins in a proceeding in which a
certificate of analysis under this article is to be introduced, the certificate
must be filed with the clerk of the court and a copy must be provided by fax,
hand delivery, or certified mail, return receipt requested, to the opposing
party.  The certificate is not admissible under Section 1 if, not later than
the 10th day before the trial begins, the opposing party files a written
objection to the use of the certificate with the clerk of the court and
provides a copy of the objection by fax, hand delivery, or certified mail,
return receipt requested, to the offering party.

 

Section 4 of
Article 38.42 contains identical notice requirements relating to the use of
chain of custody affidavits.

In
this cause, the State filed the certificate of analysis and chain of custody
affidavits with the district clerk on October 17, 2005, seven months before
appellant=s trial. 
Thus, the State timely filed the documents as required by Articles 38.41 and
38.42.  Appellant=s
counsel did not file written objections to the documents.  On appeal, appellant
asserts that there is no evidence in the record showing that the State provided
a copy of the certificate of analysis and chain of custody affidavits to him as
required by Articles 38.41and 38.42.  Based on the lack of evidence that the
State complied with the notice requirements in Articles 38.41 and 38.42,
appellant asserts that the trial court erred in admitting into evidence the
certificate of analysis and chain of custody affidavits.








Appellant
did not raise a lack of notice objection at trial.  Rather, during trial,
appellant objected to the admission of the certificate of analysis and chain of
custody affidavits on the following grounds: (1) that the certificate of
analysis and accompanying chain of custody affidavits did not establish a
complete chain of custody and (2) that the certificate of analysis did not
contain a proper foundation as to how the weights of the controlled substances
were determined.  Appellant=s
counsel did not claim that he had not received copies of the certificate of
analysis and chain of custody affidavits.

To
preserve error for appellate review, the complaining party must make a timely,
specific objection in the trial court and obtain a ruling on the objection.  Tex. R. App. P. 33.1(a); Wilson v.
State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Broxton v. State,
909 S.W.2d 912, 918 (Tex. Crim. App. 1995).  In addition, the objection on
appeal must comport with the objection that was made at trial.  Wilson,
71 S.W.3d at 349; Curry v. State, 910 S.W.2d 490, 495 (Tex. Crim. App. 
1995); Broxton, 909 S.W.2d at 918.  In this cause, appellant=s first issue on appeal
(that the State failed to comply with the notice requirements in Articles 38.41
and 38.42) does not comport with the objections he raised at trial (incomplete
chain of custody and improper foundation as to weights of controlled
substances).  Therefore, appellant has failed to preserve for review the
complaint raised in his first issue.  Rezac v. State, 782 S.W.2d 869,
870 (Tex. Crim. App. 1990).[1]  We overrule
appellant=s first
issue.  

                                          Constitutionality
of Articles 38.41 and 38.42








In
his second issue, appellant contends that Articles 38.41 and 38.42 are facially
unconstitutional and unconstitutional as applied to him.  In Crawford v.
Washington, 541 U.S. 36, 59 (2004), the United States Supreme Court held
that the admission of testimonial statements of a witness who does not appear
at trial to testify violates the Sixth Amendment right to confrontation unless
it is shown that the witness is unavailable to testify and that the defendant
had a prior opportunity to cross-examine the witness.  Appellant asserts that
Articles 38.41 and 38.42 violate the Confrontation Clause and Crawford
because the articles allow the admission of testimonial certificates of
analysis and chain of custody affidavits without requiring showings that the
declarant is unavailable to testify and that the defendant had a prior
opportunity to cross-examine the declarant. 

In
Deener v. State, 214 S.W.3d 522 (Tex. App.CDallas
2006, pet. ref=d), the
Dallas Court of Appeals held that the statutory procedures in Articles 38.41
and 38.42 did not violate the defendant=s
right of confrontation.  In Deener, the State filed and served a
certificate of analysis and chain of custody affidavits pursuant to Articles
38.41 and 38.42.  The defendant failed to file written objections to the certificate
and affidavits.  Id. at 525.  At trial, the defendant objected to the
admission of the documents on hearsay and right of confrontation grounds.  The
trial court overruled the defendant=s
objections and admitted the documents.  Id.  On appeal, the defendant
asserted that Articles 38.41 and 38.42 violated his confrontation rights.  Id.
at 526.

The
Dallas Court first concluded that the certificate of analysis and chain of
custody affidavits at issue were Atestimonial@ under Crawford.  Id. 
The court then addressed whether Articles 38.41 and 38.42 violated the
Confrontation Clause and Crawford because, as a condition to
admissibility, the statutes did not require showings that the witness was
unavailable to testify at trial and that the defendant had a prior opportunity
to cross-examine the witness.  Id.  In Deener, the defendant
relied on Marin v. State, 851 S.W.2d 275 (Tex. Crim. App. 1993), in
asserting that the right of confrontation was a Awaivable-only@ right and that, therefore,
a defendant could not waive the right unless he did so expressly on the
record.  The defendant contended that his failure to file written objections to
the certificate of analysis and chain of custody affidavits as required by
Articles 38.41 and 38.42 did not constitute an express waiver of his right
of confrontation.  Id. at 527.  However, the Deener court noted
that Marin did not involve the Sixth Amendment right of confrontation.  Id. 
After conducting a thorough analysis of the issue, the court concluded that the
right of confrontation is a forfeitable right as opposed to a Awaivable-only@ right and that, therefore,
the right of confrontation must be preserved by a timely and specific objection
at trial.  Id.; see also Paredes v. State, 129 S.W.3d 530, 535
(Tex. Crim. App. 2004) (The defendant failed to preserve error on his
confrontation claim because he failed to object on confrontation clause grounds
at trial.); Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000)
(The defendant waived his confrontation claim by failing to raise a
confrontation clause objection at trial.).      








In
Deener, the court held that, because the right of confrontation is
forfeitable, the defendant had not shown that Articles 38.41 and 38.42 violated
his constitutional right of confrontation.  Id. at 528.  The court also
held that the defendant had forfeited his right of confrontation by failing to
file a written objection to the use of the certificate of analysis and chain of
custody affidavits as required by Articles 38.41 and 38.42.  Id.

We
agree with the sound reasoning of the Deener court.  Because the right
of confrontation is a forfeitable right, Articles 38.41 and 38.42 are not
facially unconstitutional.  Appellant asserts that Articles 38.41 and 38.42 are
unconstitutional as applied to him because the State failed to comply with the
notice requirements in the statutes.  Specifically, appellant contends that the
State failed to provide copies of the certificate and affidavits to him as
required by the statutes.  However, we have held above that appellant failed to
preserve for review his lack of notice issue.  We overrule appellant=s second issue.  

                                                        Sufficiency
of the Evidence

In
his third issue, appellant contends that the evidence was legally and factually
insufficient to support his conviction for possession of cocaine.  In order to
determine if the evidence is legally sufficient, we must review all the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v.  State, 23 S.W.3d 1, 10-11
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex.
Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996).  Then, the reviewing court determines whether the evidence supporting
the verdict is so weak that the verdict is clearly wrong and manifestly unjust
or whether the verdict is against the great weight and preponderance of the
evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at
10-11.  The jury, as the finder of fact, is the sole judge of the weight and
credibility of the witnesses=
testimony.  Tex. Code Crim. Proc. Ann.
art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).








In
cases involving unlawful possession of a controlled substance, the State must
prove that the accused exercised care, custody, control, or management over the
substance and that the accused knew that the matter possessed was contraband.  Tex. Health & Safety Code Ann. ' 481.002(38) (Vernon Supp.
2007); Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); Martin
v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988).  The State does not
have to prove that the accused had exclusive possession of the contraband;
joint possession is sufficient to sustain a conviction. Cude v. State,
716 S.W.2d 46, 47 (Tex. Crim. App. 1986).  When the accused is not shown to
have had exclusive possession of the place where the contraband was found, the
evidence must affirmatively link the accused to the contraband.  Pollan v.
State, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981).  Texas courts have
recognized a number of factors that may affirmatively link an accused to the
contraband.  See Evans v. State, 202 S.W.3d 158, 162 n.12 (Tex. Crim.
App. 2006).  In Evans, the Court of Criminal Appeals stated that the
legal issue with respect to such Alinks@ is Awhether there was evidence of circumstances,
in addition to mere presence, that would adequately justify the conclusion that
the defendant knowingly possessed the substance.@ 
Id. at 161-62 n.9.  No set formula exists to dictate a finding of
affirmative links sufficient to support an inference of knowing possession of
contraband.  Taylor v. State, 106 S.W.3d 827, 831 (Tex. App.CDallas 2003, no pet.).  The
number of factors present is not as important as the logical force or the
degree to which the factors, alone or in combination, tend to affirmatively
link the defendant to the contraband.  Bates v. State, 155 S.W.3d
212, 216-17 (Tex. App.CDallas
2004, no pet.); Hurtado v. State, 881 S.W.2d 738, 743 (Tex. App.CHouston [1st Dist.] 1994,
pet. ref=d); Whitworth
v. State, 808 S.W.2d 566, 569 (Tex. App.CAustin
1991, pet. ref=d).

                                                     Evidence
Regarding Possession

The
evidence showed that Roy Lee Mays lived at the subject residence in O=Brien.  Haskell County
Sheriff David Halliburton testified that he had dealt with Mays in the past and
that he knew Mays was Arunning
with people@ who used
illegal drugs.  Department of Public Safety Trooper  Nick Jiminez testified
that Mays had a reputation for using drugs and that the subject residence was a
known drug house.  On April 3, 2005, Sheriff Halliburton obtained consent from
Mays to search the subject residence.  Trooper Jiminez and Haskell County
Deputy Sheriff Winston Stephens assisted Sheriff Halliburton in conducting the
search.








During
the search, Sheriff Halliburton found appellant in one of the bedrooms of the
residence.  Sheriff Halliburton testified that appellant told him that it was
his bedroom.  Appellant also told Sheriff Halliburton that he lived at the
residence and that he was sharing the rent with Mays.  Sheriff Halliburton said
that he searched the closet in that bedroom.  He found three sandwich bags with
duct tape over them, cigar tobacco, and marihuana stems in a trash can that was
on the closet floor.  Sheriff Halliburton testified that marihuana smokers
place marihuana inside cigars in an attempt to disguise the marihuana.  Sheriff
Halliburton found shoe boxes on a shelf in the closet. While he was going
through the shoe boxes, he found a pair of black shoes.  Sheriff Halliburton
found $930 folded up inside one of the black shoes.  Appellant told Sheriff
Halliburton that the money belonged to him.  Sheriff Halliburton then asked
appellant where he worked.  Appellant responded that he was not working. 
Sheriff Halliburton testified that it was unusual for a person who did not work
to have that kind of cash.  Sheriff Halliburton said that there was a pile of
clothes on a couch in the bedroom.  As he searched through the clothes, Sheriff
Halliburton found a CD case containing two bags, small blue ziplock containers,
and small black ziplock containers.  Based on his experience as a law
enforcement officer, Sheriff Halliburton knew that containers of the type that
he found in appellant=s
bedroom were used for packaging small amounts of crack cocaine, powdered
cocaine, and methamphetamine and that bags of the type that he found were used
for packaging marihuana.  The officers also found $58 in a chest of drawers
that was located in appellant=s
bedroom.

The
officers found a CD case and an identification card bearing appellant=s name in a hall closet in
the residence.  Officer Halliburton testified that the CD case and the
identification card had white residue on them.  Wichita Falls Police Officer
Carlton Hughes testified that it is common to use identification cards to
separate powdered cocaine into lines.








Trooper
Jiminez testified that he found a coffee can containing narcotics in between a
shed and a dryer that were located in the backyard of the residence.  Some of
the contents in the coffee can were packaged in bags like those found in
appellant=s bedroom. 
Trooper Jiminez seized the coffee can and its contents and gave them to Deputy
Stephens, and Deputy Stephens gave the coffee can and its contents to Sheriff
Halliburton.  The contents of the coffee can (four substances) were submitted
to and tested by the Tarrant County Medical Examiner=s Office.  Testing of the substances
established (1) that the white rock-like substance weighed 2.04 grams and
contained cocaine, (2) that the beige rock-like substance weighed 12.90 grams
and contained cocaine, (3) that the white crystal-like substance weighed 0.81
grams and contained methamphetamine, and (4) that the plant-like material
weighed 24.20 grams (0.85 ounces) and was marihuana.

Appellant
called a number of witnesses at trial.  Rachelle Schoen testified that she was
involved in a relationship with appellant from October 2003 until about
November 2005.  She said that she and appellant lived together in Abilene from
August 2004 until November 2005.  Schoen testified that appellant was supposed
to pay half of their bills, but that he did not do so.  Schoen said that
appellant and Mays were relatives and that in February 2005 appellant and Mays
saw each other at a funeral.  She said that, after the funeral, appellant
started making trips to the Haskell area.  She also said that appellant quit
his job working for a carpet cleaning company in March 2005.

Schoen
also testified that Mays had a reputation for selling and using drugs.  Schoen
said that she gave appellant $600 on April 3, 2005, because he said he needed
to pay a bill.  She also said that she did not ask him any questions about the
bill.

Savannah
Gutierrez testified that Mays lived in Knox City before he moved to the subject
residence.  Gutierrez said that she met appellant when he was with Mays in Knox
City.  She testified that Mays had a reputation for dealing and using drugs and
that he had a reputation for giving drugs to girls in exchange for sex. 
Gutierrez said that the subject residence was a party house.  She said that she
and three of her friends arrived at the subject residence on April 3, 2005, at
about 3:30 a.m. and that appellant was in the residence when she arrived.  She
said that everybody in the house including appellant was smoking marihuana. 
She said that two of her friends and Mays were smoking methamphetamine.  
Gutierrez said that she joined appellant in one of the bedrooms of the
residence and spent the night with him.  She also said that she had seen drugs
packaged in ziplock bags.








Diane
Rubio testified that Mays had a reputation for selling and using drugs and that
he was high most of the time.  She said that the subject residence was a known
party house.  Rubio said that, during the early morning hours of April 3, 2005,
she was at the subject residence.  She said that Mays and another man were
sitting at the kitchen table and that she saw powdered cocaine on the table. 
Rubio also said that appellant stayed at the subject residence but that she was
not sure whether he lived at the residence.  She testified that appellant would
stay at the residence for a night, then go to Abilene for a couple of days, and
then come back to the residence.  She said that appellant was back and forth
between Abilene and O=Brien.

                                                                        Analysis

Trooper
Jiminez found the coffee can containing cocaine in between a shed and a dryer
in the backyard of the residence.  One of the substances in the coffee can
weighed 12.90 grams and contained cocaine; another substance in the coffee can
weighed 2.04 grams and contained cocaine.  The total weight for the two substances
was 14.94 grams, and the jury convicted appellant of possession of cocaine in
the amount of four grams or more but less than 200 grams.








After
reviewing all the evidence, we hold that the evidence is both legally and
factually sufficient to support appellant=s
conviction.  Although appellant was not in exclusive possession of the place
where the officers found the cocaine, the circumstances justify the jury=s conclusion that appellant
exercised care, custody, control, or management over the cocaine and that he
knew the matter possessed was cocaine.  The State established several
affirmative links between appellant and the cocaine.  Appellant was present
when the officers conducted the search of the residence.  The State presented
evidence that appellant lived at the residence.  Appellant told Sheriff
Halliburton that he lived at the residence.  Appellant would have had access to
the place where the officers found the cocaine.  The evidence showed that the
residence was a party house where people commonly used drugs and that appellant
smoked marihuana at the residence the night before the officers searched it. 
Sheriff Halliburton found marihuana stems in the trash can in the closet in
appellant=s bedroom
and bags commonly used to package drugs in appellant=s bedroom.  Thus, the evidence showed that
other contraband and items used to package drugs were present during the
search.  Some of the items that were found in the coffee can were packaged in
bags like those found in appellant=s
bedroom. Sheriff Halliburton found a large amount of cash ($930) inside a shoe
in appellant=s
closet.  Appellant told Sheriff Halliburton that the money belonged to him. 
The officers also found $58 in a drawer in appellant=s bedroom.  Appellant was found with a large
amount of cash, even though he did not have a job.  This large amount of cash
affirmatively linked appellant to the cocaine.  Appellant apparently attempted
to explain how he had such a large amount of cash by offering testimony from
Schoen that she had given him $600 the day before the officers searched the
residence.  However, as the sole judge of the credibility of the witnesses and
the weight to be given their testimony, the jury was free to believe or disbelieve
all or any part of Schoen=s
testimony.  Article 38.04; Beardsley v. State, 738 S.W.2d 681, 684 (Tex.
Crim. App. 1987).

            Appellant
contends that the evidence established the cocaine belonged to Mays.  Even if
the jury believed that the cocaine belonged to Mays, the jury could have
believed that appellant and Mays jointly possessed the cocaine.  To sustain a
conviction of appellant, the State needed to prove only that appellant had
joint possession of the cocaine.  Cude, 716 S.W.2d at 47.  Based on the
evidence linking appellant to the cocaine, a rational jury could have found
beyond a reasonable doubt that appellant knowingly possessed the cocaine. 
Furthermore, the evidence supporting guilt is not so weak that the verdict is
clearly wrong and manifestly unjust nor is the verdict against the great weight
and preponderance of the conflicting evidence.  We overrule appellant=s third issue.

                                                   Jury
Instruction on Law of Parties

The
trial court=s charge
included instructions relating to the State=s
theory that appellant was a principal actor in the commission of the charged
offense.  Appellant objected to the inclusion of a law of parties instruction
on the ground that no evidence supported a parties instruction.  The trial
court overruled appellant=s
objection and instructed the jury on the law of parties in the abstract portion
of the charge.  However, the trial court did not apply or refer to the law of
parties in the application paragraph of the charge.  On appeal, appellant
asserts that the trial court erred in including the parties instruction because
the evidence at trial did not support a parties charge.  Appellant asserts that
the trial court further erred in failing to apply or refer to the law of
parties in the application paragraph of the charge.








Assuming
that the trial court erred in instructing the jury on the law of parties, we
find that the error was harmless.  Where the evidence clearly supports a
conviction of the defendant as a principal actor, any error of the trial court
in charging on the law of parties is harmless.  Ladd v. State, 3 S.W.3d
547, 564-65 (Tex. Crim. App. 1999); Cathey v. State, 992 S.W.2d 460, 466
(Tex. Crim. App. 1999).  In this cause, the evidence tended to show appellant=s guilt as a principal
actor to the offense, as opposed to showing appellant=s guilt as a party to the offense.  At trial,
the State focused on the theory that appellant was a principal actor.  The
evidence clearly supported the conviction of appellant as a principal actor. 
Under these circumstances, Athe
jury almost certainly did not rely on the parties instruction in arriving at
its verdict, but rather based the verdict on the evidence tending to show
appellant=s guilt as a
principal actor.@  Ladd,
3 S.W.3d at 565.  Appellant cannot demonstrate that he was harmed by the law of
parties instruction.  We overrule appellant=s
fourth issue.

                                                               This
Court=s Ruling

We
affirm the judgment of the trial court.

 

 

TERRY McCALL

JUSTICE

 

April 17, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,


McCall, J., and Strange, J.









[1]Appellant has different counsel on appeal than he had
at trial.  There is no indication in the record that appellant=s counsel on appeal checked with appellant=s trial counsel to determine whether the State had
provided copies of the certificate of analysis and chain of custody affidavits
to appellant=s trial counsel.  The State asserts in its brief that,
if appellant had raised this issue in the trial court, the State would have
offered into evidence the certified mail receipt signed by appellant=s trial counsel showing that he received his copy of
the certificate of analysis.